to make room for landing, as a canal boat was discharging at the same time. It would have filled up the wharf, if I hadn't carted it up the wharf. There was no other practicable way. I paid for carting and cording the wood up, $72.25."

This sum is claimed to be recoverable in this action upon the grounds that the disbursement was made necessary by the charterer's selection of such a wharf as the place of unloading.

But the non-delivery of this cargo on Clinton Avenue wharf upon the arrival of the vessel there, did not arise from any peculiarity in the wharf or any permanent obstruction which rendered a landing in the usual manner, within a reasonable time, impossible or improbable. It was simply a case of delay on the part of the charterer to take the wood as fast as landed. For this delay, the charter-party provided, and a compensation for it was fixed, and a lien on the cargo created for the amount. Before the master could justly cast upon the charterer the additional expense of carting away and cording the wood, it was incumbent on him to give a further notice to the charterer of his intention to land and remove the wood at the expense of the charterer. The Stephen Crowell [Case No. 13,362], Betts, J., 1859; Blossom v. Smith [Id. 1,565], Nelson, J., Oct., 1856. It is not pretended that any notification of such intention was given in this case, and in the absence of any such notice, I must reject the claim for these extra disbursements, which are not shown to have resulted in any benefit to the claimant, and which arose from the master's taking upon himself a labor not cast upon him by the contract, nor necessary to enable him to reap the full benefit of his charter.

This decision I prefer to rest upon the view here taken of the shipmaster's duty, rather than upon the ground that the disbursement was for service in the nature of stevedore service, and so, according to the decisions, not recoverable in a court of admiralty. But it is proper to add, that a claim for like disbursements was held by Judge Betts, in the case of Goughran v. One Hundred and Fifty-Seven Tons of Coal [Case No. 5,634], 1858, not to be enforceable in the admiralty. See, also, Regan v. The Amaranth [Id. 11,664], Hall, J., 1859.

A decree will accordingly be entered in favor of the libellant for the freight and seven days' demurrage according to the rates of the charter-party, with interest, less the sum paid by order of the court.

A reference may be had to ascertain the amount, if it be not agreed on by the parties.

---

## Case No. 9,210.

### The MARY EVELINE.

[Affirming The Mary Eveline, Case No. 9,-211. Nowhere reported; opinion not now accessible.]

## Case No. 9,211.

### The MARY EVELINE.

PETTY et al. v. MERRILL et al.

[3 Ben. 438.] [1]

District Court, E. D. New York. Oct., 1869. [2]

COLLISION IN EAST RIVER — SAILING VESSELS IN NARROW CHANNEL—DANGEROUS MANOEUVRE.

1. A vessel, sailing free, and meeting a vessel beating, has no right, by going ahead, instead of astern of the vessel beating, to compel the latter to go about before beating out her tack.

2. Where, in a narrow channel, a sloop sailing free, and able to take either side of the channel, met two schooners beating close to each other, and taking the chance of passing them before or after they should tack, attempted to pass ahead of them, and was in the act of passing, where she could neither luff nor keep off, when the rear schooner came into the wind, and so was run into by that schooner: *Held*, that the sloop was in fault for placing herself in such a position, when she had no room to pass. She should have gone astern of the schooners before they tacked.

[Cited in The City of Alexandria, 44 Fed. 361.]

[A collision occurred on September 20, 1868, in the East river, N.Y., between Blackwell's Island and Long Island between the schooner Mary Eveline and the sloop Ethan Allen. The schooner was damaged and the sloop sunk and so injured as to be unfit for repair. Henry B. Merrill and others, owners of the Ethan Allen, filed their libel in rem against the Mary Eveline, John Petty and others, claimants, in the district court for the Southern district of New York. Petty and others, owners of the Mary Eveline, filed their libel in personam against Merrill and others in the district court for the Eastern district of New York. By agreement of counsel the two cases were tried in this court together.]

F. A. Wilcox and W. R. Beebe, for the Ethan Allen.

R. C. Huntley, for the Mary Eveline.

BENEDICT, District Judge. These are cross-actions; one brought in the Southern district of New York, by the owners of the sloop Ethan Allen to recover the damages caused by a collision between that sloop and the schooner Mary Eveline, which occurred in the Narrows, between Blackwell's Island and Long Island, on the afternoon of the 20th of September, 1868; the other brought in this district by the owners of the Mary Eveline to recover the damages sustained by their vessel in the same collision.

The actions were tried together before me, and the following facts were made to appear: The wind, at the time of the collision, was a strong sailing breeze, blowing six to eight knots from the westward; the tide was two hours ebb, the weather fair. The schooner Mary Eveline, with a reef in her

---

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

2 [Affirmed by the circuit court; case unreported.]